UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONDRE COLEMAN,

                Plaintiff,         Civil Action No. 16-10295
                                          Honorable David M. Lawson
v.                                          Magistrate Judge David R. Grand

GOVERNOR SNYDER, ATTORNEY
GENERAL SCHUETTE, H. WASHINGTON,
L. BROOKS PATTERSON, MARK HACKEL,
MAYOR OF TROY, MAYOR OF WARREN,
TROY CHIEF OF POLICE, WARREN CHIEF
OF POLICE, and OFFICER HARRISON,

                Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS,**
***SUA SPONTE*, PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. §1915(e)**

## I.    RECOMMENDATION

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #6).

Plaintiff Deondre Coleman ("Coleman"), who is presently incarcerated at the Central Michigan Correctional Facility, has been granted leave to proceed *in forma pauperis* in this matter. (Doc. #5). The Court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. §1915(e), **IT IS RECOMMENDED** that Coleman's complaint be dismissed *sua sponte*.

**II.     REPORT**

    **A.     Background**

According to an Oakland County Circuit Court opinion issued by the Honorable Leo Bowman (a copy of which was attached to Coleman's complaint), Coleman pled guilty to retail fraud and narcotics charges on August 5, 2015, and was sentenced to between 2-30 years' incarceration. (Doc. #1 at 7-8). Prior to pleading guilty, Coleman had apparently filed a motion for name correction asking Judge Bowman to "enter an order changing his name from Deondre Lamont Coleman (born [xx/xx/19xx]) to Thomas Allen Hale, Jr (born [xx/xx/19xx])…." (*Id.* at 8). Judge Bowman denied that motion, finding:

> [Coleman] failed to attach any documentation to support that his legal name is Thomas Allen Hale Jr. instead of Deondre Lamont Coleman. Further, a review of OTIS shows that Thomas Allen Hale Jr. is listed as one of seventeen known aliases for [Coleman].

(*Id.* at 8).

On January 25, 2016, Coleman, in both his own name and in the name of so-called "nomine Thomas Allen Hale, Jr." filed his instant complaint entitled "Writ of Audita Querela," naming ten defendants: Governor Snyder, Attorney General Schuette, Michigan Department of Corrections ("MDOC") Director H. Washington, Oakland County Executive L. Brooks Patterson, Macomb County Executive Mark Hackel, the "Mayor of Troy," the "Mayor of Warren," the "Troy Chief of Police," the "Warren Chief of Police," and "Troy Officer Harrison." (Doc. #1). Coleman's complaint, which is brought pursuant to 28 U.S.C. §1651 (the "All Writs Act"), is virtually incomprehensible in many respects. In the complaint, Coleman alleges that "Michigan Law Enforcement along with Local Judicial Agency's [sic] removed and significantly altered [his] name birthday and address without any hearing or notice at arrest." (*Id.* at 1). He further asserts that the "monopolization of losing [his] identity is a custom of practice never

questioned by the Attorney General"; that "some type of ceremony is required before a person loses their identity"; and that "post[ing] a[n] unsavory label of a[n] unknown individual is also a safety risk" and impacts his "economic earning power inside and outside a penitentiary." (*Id.*). In an affidavit attached to the complaint, Coleman further asserts that, when he was arrested on July 8, 2015, he "had two forms of valid gov. identification, and never used the name Deondre Lamont Coleman …." (*Id.* at 3). Aside from one passing reference to the "Attorney General" in the complaint, Coleman makes no other mention of the named defendants in his filing, and fails to set forth any specific allegations of wrongdoing by any of these individuals.

### B. Discussion

Once a complaint is filed *in forma pauperis* under 28 U.S.C. §1915(a), the court must test its sufficiency under §1915(e). Pursuant to 28 U.S.C. §1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court is required to construe Coleman's *pro se* filing liberally and hold it to a less stringent standard than one drafted by an attorney. *See Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, the Court concludes that Coleman's complaint fails to state a claim upon which relief may be granted and, thus, should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

As an initial matter, aside from one reference to the "Attorney General" in the complaint, Coleman makes no other mention of the named defendants in his filing. Courts have recognized that, "'Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.'" *Williams v. Chase Bank*, 2015 WL 4600067, at *5 (E.D. Mich. July 29, 2015)

(quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)); *see also Moore v. Prevo*, 2013 WL 5176759, at *5 (W.D. Mich. Sept. 16, 2013) ("Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complainants."). Thus, for this reason alone, Coleman's complaint should be dismissed because it fails to state a claim upon which relief may be granted.

Turning now to the substance of Coleman's complaint, as one court recently recognized, "Although the 1946 amendments to Rule 60(b) of the Federal Rules of Civil Procedure abolished the ancient common law writs of *coram nobis* and *audita querela*, 'federal courts still have the authority to grant writs of *audita querela*, generally pursuant to the All Writs Act, 28 U.S.C. §1651.'" *United States v. Gilbert*, 2010 WL 2376164, at *1 (W.D. Mich. June 9, 2010) (quoting *Ejelonu v. I.N.S., Dept. of Homeland Sec.*, 355 F.3d 539, 545 (6th Cir. 2004)). "Audita querela is an equitable remedy reserved only for the most extreme cases." *Ejelonu*, 355 F.3d at 552. Indeed, as this Court has recognized, "A writ of *Audita Querela* is a 'common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter or defense or discharge arising since its rendition and which could not be taken advantage of otherwise.'" *Wojnicz v. United States*, 2010 WL 5575078, at *2 (E.D. Mich. Dec. 6, 2010) (quoting *Frost v. Snyder*, 13 F. App'x 243, 246 n. 1 (6th Cir. 2001)). In other words, this writ is "used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." *Carrington v. United States*, 503 F.3d 888, 890 n. 2 (9th Cir. 2007), *opinion amended on other grounds* 530 F.3d 1183 (9th Cir. 2008) (citation omitted).

Applying these standards, it is clear that Coleman's request for a writ of *audita querela*

lacks merit, as he is not challenging his criminal conviction on the basis of a legal objection that arose subsequent to the conviction. *See, e.g., Wojnicz*, 2010 WL 5575078, at *2; *United States LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). Rather, Coleman appears to be alleging that, at the time of his arrest – long <u>before</u> his eventual conviction – the arresting officers disregarded the "valid" identification he had on his person (which apparently identified him as someone other than Deondre Coleman), and instead booked him into the system as Deondre Coleman. (Doc. #1). It is clear, then, that Coleman's request for a writ of *audita querela* should be denied where he is not seeking to collaterally attack his criminal sentence but, rather, is accusing the defendants of "significantly alter[ing]" his name. (*Id.* at 1).

Finally, to the extent Coleman is attempting to appeal Judge Bowman's order denying his motion to change his name (*see* Doc. #1 at 1 ("The petitioner has made many attempts to rectify the problem [citing in part to Judge Bowman Order's discussed above] making the [Eastern District of Michigan] the proper vehicle for [this action]…")), this Court would not have jurisdiction to consider that appeal. *See, e.g., Gottfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998) ("… lower federal courts do not have jurisdiction to review a case litigated and decided in state court ….").

### III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Coleman's complaint be **DISMISSED** in its entirety and with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)**.**

Dated: March 29, 2016　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2016.

        s/Eddrey O. Butts
        EDDREY O. BUTTS
        Case Manager