UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONDRE COLEMAN,

        Plaintiff,

v.

SNYDER, SCHUETTE, H. WASHINGTON,
L. BROOKS PATTERSON, MARK HACKEL,
MAYOR OF TROY, MAYOR OF WARREN,
TROY CHIEF OF POLICE, WARREN CHIEF
OF POLICE and TROY OFFICER HARRISON,

        Defendants.

_____/

Civil Case No: 16-10295
Honorable David M. Lawson
Magistrate Judge David R. Grand

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DENYING CERTAIN MOTIONS, AND DISMISSING CASE

Plaintiff Deondre Lamont Coleman, also known as Thomas Allen Hale, Jr., is a prisoner in the custody of the Michigan Department of Corrections. He filed the present action seeking a "Writ of Audita Querela" under 28 U.S.C. § 1651 (the All Writs Act) against defendants Governor Rick Snyder, Attorney General Bill Schuette, Michigan Department of Corrections (MDOC) Director H. Washington, Oakland County Executive L. Brooks Patterson, Macomb County Executive Mark Hackel, the "Mayor of Troy," the "Mayor of Warren," the "Troy Chief of Police," the "Warren Chief of Police," and "Troy Officer Harrison." In a complaint that is difficult to decipher, he alleges that the defendants have deprived him of his name without a hearing, and he wants an order requiring his records to reflect that he should be known as Thomas Allen Hale, Jr.

The Court referred this case to Magistrate Judge David R. Grand for pretrial management. On March 29, 2016, Judge Grand filed a report recommending that the Court dismiss the case on its own motion after he completed the screening required by 28 U.S.C. § 1915(e)(2)(B). The

plaintiff, who had been granted pauper status, filed timely objections. The plaintiff has filed other documents as well, which are discussed below.

I.

As the magistrate judge explained in his report, the plaintiff was convicted of theft crimes in the Oakland County, Michigan circuit court and sentenced to a prison term. He was prosecuted under the name of Deondre Lamont Coleman, but at some point in those proceedings he filed a motion for an order changing his name to Thomas Allen Hale, Jr. The state court judge denied that motion. Thereafter, Coleman filed the present lawsuit. He sought permission to proceed *in forma pauperis*, and was allowed to do so.

II.

Congress mandated that the Court screen for colorable merit every complaint filed when the plaintiff has been relieved of paying the filing fee in advance under 28 U.S.C. § 1915(a). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)). The screening statute that applies to cases in which the plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless."

-2-

*Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the plaintiff's civil rights complaint, filed *in forma pauperis*, lacks an arguable basis when filed. *Benson*, 179 F.3d at 1015-16.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by plaintiffs granted pauper status if they "fail[] to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Judge Grand concluded that the complaint failed to plead a cognizable claim because (1) although the plaintiff listed several individuals in the caption, he did not allege in the body of the complaint that they did anything wrong; (2) the plaintiff was not entitled to a writ of *audita querela* because he did not identify any change in fact or circumstance occurring after his criminal judgment was entered that rendered the judgment unjust; and (3) if the complaint could be read to be a challenge to the state court judge's denial of the name-change request, the federal district court

would have no jurisdiction to review the decision as if on appeal. As noted above, the plaintiff objected to the report and recommendation.

Objections to a report and recommendation are given fresh review. 28 U.S.C. § 636(b)(1). This review standard requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff's objections are difficult to follow. He also has filed a motion for summary judgment, which appears to be an abridged version of the issues raised in his objections. However, nothing in the motion for summary judgment provides any new insight into the plaintiff's claims or objections.

On May 6, 2016, the plaintiff also filed a motion for an extension of time to amend his objections. In that motion, he explained that he recently discovered how to state a claim properly, and would like extra time to amend his objections and motion for summary judgment. He subsequently filed a motion to amend his objections. The motion to amend is titled "Jurisdiction

– Claim." It appears that he is attempting to comply with Federal Rule of Civil Procedure 10(b) by refashioning his complaint with numbered paragraphs, and addressing jurisdictional matters for the first time. And yesterday, the plaintiff filed a document entitled "Pleading Special Matters," which references Federal Rule of Civil Procedure 9(b), and repeats many of the allegations found in his motions. The form of his complaint and jurisdictional issues were not considered by the magistrate judge, and in substance, the motions do not raise any new matters. He also filed a motion to compel compliance with a subpoena he says that he mailed in May 2016.

In the plaintiff's first objection, and in the various later-filed motions, it appears that the plaintiff is making new allegations that MDOC staff threw away shoes and personal belongings of prisoners. He also makes vague allegations about improper tactics by City of Warren law enforcement officers, which somehow violated the Fifth, Seventh, Eighth, Ninth, and Tenth Amendments. These arguments do not appear relevant to the complaint, and they appear for the first time in the plaintiff's objections to the magistrate's report.

In *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000), the Sixth Circuit held that new issues raised for the first time in objections to reports of magistrate judges are waived. Even under the liberal pleading allowances afforded *pro se* litigants, the plaintiff's objections cannot save his flawed complaint. The objection procedure is not intended as an invitation to list additional grievances that are unrelated to the claims set out in the complaint. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (stating that "a claim raised for the first time in objections to a magistrate judge's report is deemed waived" (citing *Ward v. United States*, 208 F.3d 216, 216 (6th Cir. 2000))); *see also Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223,

1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him.").

In what generously can be considered his second objection, the plaintiff reiterates the arguments made in the complaint. He says that he had two valid government identifications when he was arrested, but at every step of the case against him the defendants have insisted on using the name Deondre Coleman. He says that by erroneously calling him Deondre Coleman, instead of Thomas Allen Hale, Jr., he has been put in great danger inside and outside of the penitentiary by enemies of Deondre Coleman. Furthermore, he argues that the loss of his personal identity will cause him future harm when attempting to seek employment and licenses in certain fields of work. He contends that it will be more difficult for him to access educational resources, specifically trade schools.

The plaintiff says, as he did in the complaint, that the defendants are attempting to "monopolize" his identify, and stigmatize him through unsavory labels. He argues that it was unconstitutional for defendant Harrison to alter his name, birthday, and address. Presumably, he is referring to the booking procedure at the time of his arrest. The plaintiff further argues that due process was violated by not providing him with notice and a hearing before depriving him of the property interest in his name.

This second objection, however, does not identify any fault in the magistrate judge's report and recommendation. For the most part, the plaintiff restates the arguments that the magistrate judge considered in forming his recommendation to dismiss the complaint. He certainly has not demonstrated that his request for a writ of *audita querela* has any factual or legal basis. See *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007), *opinion amended on other*

*grounds*, 530 F.3d 1183 (9th Cir. 2008) (explaining that *audita querela,* "is a common law writ" that may be issued only to prevent the application of "a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued").

Moreover, the Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

III.

Because the plaintiff has failed to object to the report and recommendation in any meaningful way, he has not persuaded the Court that it should upset the recommendation to dismiss his case for failure to state a claim.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #7] is **ADOPTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the motions for summary judgment, to extend time to amend objections, to amend the statement of claim and to compel compliance with a subpoena (dkt. #9, 10, 11, 12] are **DENIED AS MOOT**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 2, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI